UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**FREDRICK MORRIS,**

       **Plaintiff,**

v.                                                                                                     Case No. 23-CV-009

**MARTHA BREEN-SMITH and
TODD HAMILTON,**

       **Defendants.**

---

## ORDER

---

Plaintiff Fredrick Morris, who is confined at Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.). Morris also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

The court has jurisdiction to screen the complaint in light of Morris's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Morris was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On January 4, 2023, Morris filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On January 6, 2023, the court ordered that Morris shall pay $5.02 as an initial partial filing fee by February 6, 2023. (ECF No. 6.) On February 3, 2023, Morris filed a motion for an extension of time to pay the initial partial filing fee, which the court granted, giving him until March 6, 2023, to pay the fee. (ECF Nos. 12, 13.) Morris paid the fee on February 9, 2023. The court will grant Morris's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner

raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

3

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Morris's Allegations*

Morris alleges that on June 5, 2021, he was on the observation unit at GBCI and began to insert items into his penis. (ECF No. 1 at 2.) He continued to insert items into his penis, which had to be taken out multiple times, before defendant Martha Breen-Smith decided to have him placed on direct observation, meaning there was an officer watching him at all times. (*Id.*) As a result of putting items in his penis multiple times, Morris now experiences penile pain and issues urinating. (*Id.* at 2-3.) Morris also names Todd Hamilton as a defendant because he is Breen-Smith's supervisor, and Morris is concerned Breen-Smith may "make an attempt to say she told Hamilton and he said do nothing." (*Id.* at 3.)

*Analysis*

Morris claims that the defendants violated his constitutional rights by failing to prevent him from harming himself. Wells violated his constitutional rights when she ignored his threats of self harm. The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent

4

to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). In instances of self-harm or suicide, a plaintiff must "allege plausibly that prison staff (1) knew of a significant likelihood that he would imminently attempt [self-harm or] suicide and (2) failed to take reasonable steps to prevent his attempt." *Davis-Clair v. Turck*, 714 Fed A'ppx 605, 606 (7th Cir. 2018).

Given the lenient pleading standard, at this stage Morris may proceed on an Eighth Amendment claim against Breen-Smith. He alleges that he was repeatedly engaging in self-harming behavior and that she allowed him to continue several times before finally intervening. However, Morris may not proceed on a claim against Hamilton. For a supervisor to be held liable for a subordinate's actions in a § 1983 claim, the constitutional violation must have happened at the supervisor's direction or with the supervisor's knowledge or consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Morris explicitly states that he only added Hamilton as a defendant because he is concerned that it is possible that Breen-Smith asked Hamilton for permission to intervene and Hamilton said no. He does not allege that Hamilton instructed Breen-Smith not to intervene or that Hamilton was even aware that Morris was harming himself.

### CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Morris's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant Todd Hamilton is **DISMISSED**.

5

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Martha Breen-Smith. It is **ORDERED** that, under the informal service agreement, Breen-Smith shall file a pleading responsive to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Morris shall collect from his institution trust account the $344.98 balance of the filing fee by collecting monthly payments from Morris's prison trust account in an amount equal to 20% of the preceding month's income credited to Morris's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Morris is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Morris is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>517 E. Wisconsin Avenue, Room 362
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Morris is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Morris is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Morris's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Morris may find useful in prosecuting his case.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 28th day of March, 2023.

BY THE COURT

*[Signature: William E. Duffin]*

WILLIAM E. DUFFIN
United States Magistrate Judge